ROBERT J. ASH *v.* TOWN OF NEW MILFORD
(13348)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

Argued April 6—decision released May 31, 1988

*Ted D. Backer,* for the appellant (defendant).

*D. Randall DiBella,* for the appellee (plaintiff).

GLASS, J. This is an appeal by the town of New Milford (town) from a decision of the compensation review division (review division) affirming an award of the workers' compensation commissioner (commissioner) for the seventh district. The claimants are Regina Gallo Ash and Robert J. Ash, the widow and minor child, respectively, of the decedent, Robert M. Ash, who were awarded workers' compensation benefits.

On the basis of stipulated facts, exhibits and testimony given, the commissioner made the following findings that are pertinent to this appeal: Robert M. Ash, the decedent, was employed by the town on May 25, 1984, as a regular member of its municipal police depart-

ment, having been so employed since September 30, 1968. Prior to commencing his employment, the decedent had successfully passed a physical examination, which failed to reveal any evidence of hypertension or heart disease. On May 25, 1984, the decedent suffered a ruptured abdominal aortic aneurysm which resulted in his death. The decedent and Regina Gallo Ash were married on April 5, 1981, and were married and living together on the date of the decedent's death. The decedent had been married previously to Joanne Ash, whom he married on August 11, 1966, and from whom he was divorced on July 11, 1980. Robert J. Ash, claimant and issue of the decedent's first marriage, was born on March 24, 1969.

The claimant widow sent written notice of a claim for benefits, pursuant to General Statutes § 7-433c,[1]

---

[1] "[General Statutes] Sec. 7-433c. BENEFITS FOR POLICEMEN OR FIREMEN DISABLED OR DEAD AS A RESULT OF HYPERTENSION OR HEART DISEASE. In recognition of the peculiar problems of uniformed members of paid fire departments and regular members of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusual high degree of susceptibility to heart disease and hypertension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and

to the town and the commissioner on June 4, 1984, and June 6, 1984, respectively. On July 10, 1984, the town filed a "Notice to Compensation Commission and Employee of Intention to Contest Liability to Pay Compensation." On July 17, 1984, the claimant widow filed a motion to preclude the town from contesting her right to receive benefits. She claimed that she was the presumptive dependent spouse of the decedent and was entitled to benefits pursuant to § 7-433c, and that the town was precluded from contesting liability or the extent of disability by virtue of General Statutes § 31-297 (b).[2]

---

in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467."

[2] General Statutes § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and

Written notice of a claim for dependency benefits in accordance with General Statutes §§ 7-433c and 31-306 (a),[3] was given by the minor son on July 18, 1984. Pursuant to § 31-297 (b), "A Notice of Intention to Contest Liability to Pay Compensation" was sent by the town on July 24, 1984, and received by the commissioner on July 25, 1984. The basis for the contest was that the decedent's cause of death was not within the scope of § 7-433c because the decedent had died as a result of a ruptured abdominal aortic aneurysm, and not from "heart disease or hypertension" as required by the statute.

The commissioner found that the notice to contest the minor son's claim was timely filed, but that the

shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

[3] General Statutes § 31-306 (a) provides: "DEATH RESULTING FROM ACCI-DENT OR OCCUPATIONAL DISEASE. DEPENDENTS. COMPENSATION. (a) The following-described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee and are referred to here-inafter as presumptive dependents: (1) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly; (2) a husband upon a wife with whom he lives at the time of her injury or from whom he receives support regularly; (3) any child under the age of eighteen years, or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is living or from whom he is receiving support regularly, at the time of the injury of such parent; (4) any unmarried child who has attained the age of eighteen but has not attained the age of twenty-two and who is a full-time student, upon the parent with whom he is living or from whom he is receiving support regularly, provided that any such child who has attained the age of twenty-two while a full-time student but has not completed the requirements for, or received, a degree from a postsecondary educational institution shall be deemed not to have attained such age until the first day of the first month following the end of the quarter or semester in which he is enrolled at such time, or if he is not enrolled in a quarter or semester system, until the first day of the first month following the completion of the course in which he is enrolled or until the first day of the third month beginning after such time, whichever occurs first. In all other cases where there is no presumptive dependent, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. Such other dependents are referred to hereinafter as dependents in fact."

notice to contest the widow's claim was not filed in a timely manner. The commissioner determined that in accordance with § 31-297 (b) the town was conclusively presumed to have accepted the compensability of her claim, and thereafter had no right to contest the presumptive widow's claim to receive compensation as a result of her husband's death. The commissioner also found that the preclusion available to the widow established the compensability of her claim as a dependent pursuant to § 31-306 (a) (1). Further, the commissioner found that when a claim is determined to be compensable, all eligible claimants may receive benefits based upon such compensability. On the basis of these findings, the commissioner awarded compensation benefits to the widow and minor son of the decedent.

The town appealed to the review division, claiming that the commissioner erred in: (1) precluding the town from contesting compensability as to the decedent's minor son since he never moved to preclude the town from contesting his claim; and (2) failing to find that the decedent did not suffer a condition or impairment of health caused by heart disease or hypertension resulting in his death. The review division affirmed the finding and award of the commissioner and dismissed the appeal. Thereafter, the town appealed to the Appellate Court and, pursuant to Practice Book § 4023, the appeal was transferred to this court. On appeal, the town claims that the review division erred in holding that the granting of a motion to preclude an employer from contesting compensability of a claim as against one claimant barred an employer from contesting the compensability of a claim made by any other person arising from the same injury, where the employer filed a timely notice to contest the claim. We find no error.

The essence of the town's claim is that because the town filed a timely notice to contest the decedent's son's claim, the commissioner and the review division

erred in holding that the town was barred from contesting the decedent's son's claim simply because it was precluded from contesting the widow's claim. The town argues that the son never filed a motion to preclude the town from contesting his claim, and that because the town's notice to contest compensability of the son's claim was timely filed, it was error for the commissioner to ignore the notice given by the town and to rely on a motion to preclude granted in another case on behalf of a different claimant.[4] In support of this argument the town relies on General Statutes § 31-294 which provides in pertinent part: "[A] dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation . . . . *Such notice* may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom . . . *and the name and address of the employee and of the person in whose interest compensation is claimed.*" (Emphasis added.) The town contends that because the decedent's widow filed a claim in her own behalf, under the statute her claim could not be used to claim compensation in the interest of any other person.

The validity of this argument depends upon the scope of General Statutes § 31-297 (b). Under § 31-297 (b), the commissioner determined and the review division agreed that unless an employer timely files a notice to contest a workers' compensation claim, there is an irrebuttable presumption that the claim is compensable. Specifically, § 31-297 (b) provides in pertinent part: "If the employer or his legal representative fails to file

---

[4] As noted earlier, Regina Gallo Ash, the widow of Robert M. Ash, filed a workers' compensation claim. The appeal in that related case, *Regina Ash* v. *New Milford,* Docket No. 13347, has been withdrawn, leaving the commissioner's preclusion determination in her favor and the compensability of her claim and award standing.

the notice contesting liability within the time prescribed herein, the employer shall be *conclusively presumed to have accepted the compensability of such alleged injury or death* and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability." (Emphasis added.) Thus, under § 31-297 (b) the employer's failure to provide a timely notice contesting liability triggers the conclusive presumption of acceptance of compensability for the employee's injury or death. General Statutes § 31-306 sets forth the various persons "conclusively presumed to be wholly dependent" upon the employee. We do not find any language in § 31-297 (b) indicating that the injury or death of the employee must be determined separately or independently by each "conclusively presumed" dependent designated in § 31-306.

We recently interpreted § 31-297 (b) in *Castro* v. *Viera,* 207 Conn. 420, 430–31, 541 A.2d 1216 (1988), where, quoting *Menzies* v. *Fisher,* 165 Conn. 338, 343, 334 A.2d 452 (1973), we stated: " 'The object which the legislature sought to accomplish [was] plain. . . . [It] was amended to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claims. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested.' " We have also stated that "[w]e are mindful of the principles underlying Connecticut practice in workmen's compensation cases: that the legislation is remedial in nature; *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 375, 94 A. 372 (1915); and that it should be broadly construed to accomplish its humanitarian purpose. *DeCarli* v. *Manchester Public Warehouse Co.,* 107 Conn. 359, 364, 140 A. 637 (1928)." *Adzima* v. *UAC/Norden Divi-*

*sion,* 177 Conn. 107, 117, 411 A.2d 924 (1979). To require each conclusively presumed dependent to prove separately that the injury or death of the employee was compensable would frustrate the legislative objective of § 31-297 (b).

The presumptive dependents' claims emanate from the death of the decedent employee. The decedent's cause of death giving rise to the presumptive dependent widow's claim is the same cause of death that the defendant employer seeks to contest, and from which the presumptive dependent son's claim is derived. It would be irrational and incongruous to hold that a contest of the presumptive dependent widow's claim is barred because of preclusion and at the same time, another presumptive dependent's claim, the son's, derived from the same death, is open for contest. The commissioner's decision, affirmed by the review division, properly determined that the preclusion that applied to bar the contestability of the decedent's presumptive dependent widow's claim also applied equally to bar the contestability of the decedent's presumptive dependent son's claim.

Our disposition of the preclusion issue renders it unnecessary to consider the town's claim that the decedent's cause of death was not within the purview of General Statutes § 7-433c, the Heart and Hypertension Act. Moreover, neither the commissioner nor the review division addressed the issues relating to the cause of death in the finding and award. "[O]nce the commissioner found statutory preclusion of any defense to compensability, 'he was no longer permitted to make any factual exploration or finding concerning such a potential question.' [The employer's] threshold failure to contest liability foreclosed any further inquiry [not involving jurisdiction of the Workers' Compensation Act]." *Bush* v. *Quality Bakers of America,* 2 Conn. App.

363, 373–74, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984); see *Castro* v. *Viera,* supra.

There is no error.

In this opinion the other justices concurred.