JAMES SHIRA *v.* NATIONAL BUSINESS
SYSTEMS, INC., ET AL.
(9589)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued May 1—decision released July 30, 1991

*Jeffrey G. Schwartz,* with whom was *William Horan,*
legal intern, for the appellants (defendants).

*C. Thomas Furniss,* for the appellee (plaintiff).

DUPONT, C. J. This is the defendants'[1] appeal from
a decision by the workers' compensation review divi-
sion, affirming a decision by the workers' compensa-
tion commissioner granting the plaintiff's motion to

---

[1] The other defendant is the named defendant's workers' compensation
insurance carrier.

preclude defenses.[2] The defendants claim that the motion to preclude was improperly granted because (1) there was no employee-employer relationship at the time the plaintiff's injury occurred, (2) the plaintiff's written notice of claim was technically defective, and (3) there was no prima facie evidence of any injury.

A claimant must first prove an employee-employer relationship before the Connecticut Workers' Compensation Act, General Statutes § 31-275 et seq., may be invoked because the existence of that relationship involves subject matter jurisdiction. *Castro* v. *Viera,* 207 Conn. 420, 422, 541 A.2d 1216 (1988). The first question to be resolved, therefore, is whether there was subject matter jurisdiction, namely an employee-employer relationship. We agree with the commissioner and the compensation review division that there was such a relationship. Although such a relationship existed, we conclude that we nevertheless have no jurisdiction over this appeal because of the lack of a final judgment. *Szudora* v. *Fairfield,* 214 Conn. 552, 556, 573 A.2d 1 (1990).

The plaintiff who was employed as a salesman by the named defendant sustained a loss of vision, allegedly due to work related stress, on June 3, 1985. The plaintiff received a letter of termination of employment dated June 7, 1985. The plaintiff did not notify the named defendant of his injury until he sent it a copy

---

[2] The motion to preclude was made pursuant to General Statutes § 31-297 (b). That section provides in relevant part: "[W]henever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners . . . . If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or extent of his disability . . . ."

of a standard workers' compensation claim form dated April 10, 1986. The named defendant's notice of intent to contest liability was not received at the commissioner's office until August 1, 1986, far beyond the twenty day statutory time limit imposed by General Statutes § 31-297 (b). Thereafter, the plaintiff filed the motion to preclude the defendants from contesting liability, which is the basis of this appeal.

The burden rests on the plaintiff to prove that he was an employee. *Castro* v. *Viera,* supra, 426. Here, the plaintiff alleged that his injury occurred on June 3, 1985. At the hearing before the commissioner, the president of the named defendant testified that he had terminated the employment of the plaintiff at the end of May or the beginning of June, 1985. In rebuttal, the plaintiff produced the termination letter dated June 7, 1986, and signed by the named defendant's president. The commissioner concluded on the basis of this evidence that an employer-employee relationship existed at the time of plaintiff's injury.

The power and duty of determining the facts rest on the commissioner as the trier of facts. *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 117, 411 A.2d 924 (1979). "The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." Id., 118. Applying these principles, we conclude that the commissioner's finding that there was an employee-employer relationship between the plaintiff and the named defendant should not be disturbed. See *Castro* v. *Viera,* supra, 435.

In spite of this conclusion, we must remand the case for further proceedings because we conclude that the granting of the motion to preclude does not here

constitute a final judgment. The test for determining when the affirmation of a motion to preclude or other decision of the review board constitutes a final judgment was articulated in *Szudora* v. *Fairfield,* supra. "[W]hether such a decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." Id. See also *Cleveland* v. *U.S. Printing Ink, Inc.,* 218 Conn. 181, 186, 588 A.2d 194 (1991); *Guinan* v. *Direct Marketing Assn., Inc.,* 22 Conn. App. 515, 578 A.2d 129 (1990).

The actual benefits the plaintiff can receive are determined by statutory formulas. General Statutes §§ 31-307 and 31-308. The determination, however, of the extent of the plaintiff's incapacity governs which particular statutory formula applies and that determination requires the taking of additional evidence. The plaintiff has the burden of proving the extent of his incapacity. *Nagyfy* v. *Miller's Stratford Provision Co.,* 145 Conn. 726, 139 A.2d 604 (1958). Here, the plaintiff conceded at oral argument that there had to be further proceedings before the commissioner to present medical evidence demonstrating the extent of the plaintiff's incapacity. This case, therefore, is unlike that of *Szudora* v. *Fairfield,* supra, 557, in which the parties agreed that the further proceedings involved only a "ministerial, noncontroversial compilation of salary information retrievable from an existing computer data bank." Id.

Here, the granting of the motion to preclude did not terminate the proceeding because the commissioner has yet to determine the plaintiff's compensation and that

involves more than the utilization of a pure mathematical calculation of compensation.

The appeal is dismissed and the case is remanded for further proceedings.

In this opinion the other judges concurred.