DONALD VACHON *v.* GENERAL DYNAMICS CORPORATION/ELECTRIC BOAT DIVISION
(11162)

HEIMAN, FREEDMAN and SCHALLER, Js.

Argued November 6—decision released December 8, 1992

*John W. Greiner,* for the appellant (defendant).

*Robert M. Fitzgerald,* for the appellee (plaintiff).

HEIMAN, J. The defendant appeals from a decision of the compensation review division (review division) of the workers' compensation commission. The review division affirmed the ruling of the workers' compensation commissioner (commissioner) granting the plaintiff's motion to preclude the defendant's defenses. On appeal, the defendant asserts that the review division improperly (1) held that General Statutes § 31-297 (b)[1] requires actual receipt of a notice of contest by the plaintiff as well as by the commissioner within the period allowed under § 31-297 (b), and (2) held that the motion to preclude under § 31-297 (b) is a substantive right rather than a procedural rule and that, therefore, the amendment of § 31-297 (b) by No. 90-116, § 9, of the 1990 Public Acts, did not apply retroactively to require that a notice of claim include a warning to the defendant of the preclusive effect of failure to contest

[1] General Statutes § 31-297 (b) provides: "Except as provided in subsection (c) of this section, whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability, provided the employer shall not be conclusively presumed to have accepted compensability when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within the time period set forth in this section."

timely in order to support a motion to preclude.[2] We reverse the decision of the review division and remand the case to it with direction to remand the case to the commissioner with direction to deny the motion to preclude and for further proceedings in accordance with this opinion.

The facts necessary to the resolution of this appeal may be summarized as follows. The plaintiff, Donald Vachon, had been employed by the self-insured defendant, the Electric Boat Division of General Dynamics Corporation, on September 20, 1988, when he sustained a myocardial infarction. On June 21, 1989, the plaintiff served a timely notice of claim on the commissioner for the second district. In that claim, he alleged that his injury arose out of and in the course of his employment. He claimed that the "repetitive acts, repetitive trauma and daily stress caus[ed] arteriosclerotic heart disease during the period of his employment prior to September 20, 1988 resulting in a myocardial infarction on September 20, 1988 and resulting in disability." The defendant received a properly served notice on June 22, 1989. No warning of the preclusive effects of failing to contest timely appeared on the notice.

Thirteen days after receiving the notice of claim, the defendant, on July 5, 1989, served a timely notice of contest on the commissioner. On July 15, 1989, twenty-three days after receipt of the plaintiff's notice of claim, the defendant served the plaintiff by certified mail with a copy of the defendant's notice of contest.

[2] The defendant expressly abandoned its second claim during oral argument. Had it not done so, our resolution of this issue would be governed by our recent decision in *DeAlmeida* v. *M.C.M. Stamping Corporation,* 29 Conn. App. 441, 615 A.2d 1066 (1992). In that decision, we concluded that the legislature intended that No. 90-116, § 9, of the 1990 Public Acts, apply prospectively from its effective date. Id., 451–52.

The plaintiff filed a motion to preclude pursuant to General Statutes § 31-297 (b). After a hearing on October 30, 1990, the commissioner in the second workers' compensation district granted the plaintiff's motion to preclude defense on November 9, 1990. It found that § 31-297 (b) required service of the notice of contest within twenty days on not only the commissioner but on the employee as well. On February 19, 1992, the review division affirmed the commissioner's order granting the motion to preclude. This appeal followed on March 4, 1992.[3]

The defendant argues that the review division improperly held that § 31-297 (b) requires actual receipt of notice of contest by the claimant as well as by the commissioner within twenty days. We agree.

"In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." (Internal quotation marks omitted.) *Collins* v. *Goldberg,* 28 Conn. App. 733, 737, 611 A.2d 938 (1992). " 'When the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent.' " *Weinberg* v. *ARA Vending Co.,* 223 Conn. 336, 341, 612 A.2d 1203 (1992); *Beizer* v. *Goepfert,* 28 Conn. App. 693, 698, 613 A.2d 1336 (1992). "We will not read into 'clearly expressed legislation provisions which do not find expression in its words.' " *DeAlmeida* v. *M.C.M. Stamping Corporation,* 29 Conn. App. 441,

---

[3] The defendant appeals from a final judgment. At oral argument, the parties stipulated that they agreed that a disability occurred. They also agreed to the method for calculating the award. Since a ministerial, noncontroversial calculation is all that remains before the commissioner, the review division's decision amounted to a final judgment. *Shira* v. *National Business Systems, Inc.,* 25 Conn. App. 350, 353, 593 A.2d 983 (1991); *Guinan* v. *Direct Marketing Assn., Inc.,* 23 Conn. App. 805, 580 A.2d 125, cert. denied, 216 Conn. 829, 582 A.2d 829 (1990); see also *Szudora* v. *Fairfield,* 214 Conn. 552, 557, 573 A.2d 699 (1990).

448, 615 A.2d 1066 (1992); see *Electrical Contractors, Inc.* v. *Tianti,* 223 Conn. 573, 582, 585, 613 A.2d 281 (1992). " 'Our role is to construe legislation as we find it, regardless of whether we think it might have been improved or a preferable result reached by the inclusion of other provisions.' " *Electrical Contractors, Inc.* v. *Tianti,* supra, 585. We are thus "bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." *DeAlmeida* v. *M.C.M. Stamping Corporation,* supra.

Since we have previously determined that the legislature intended that No. 90-116, § 9, of the 1990 Public Acts, apply only prospectively; *DeAlmeida* v. *M.C.M. Stamping Corporation,* supra, 452; the rights of the parties are determined by the version of General Statutes § 31-297 (b) in effect at the time that the liability to pay compensation for an injury arose. Here, at the time that the liability to pay compensation for the injury arose, General Statutes (Rev. to 1987) § 31-297 (b) provided: "Whenever liability to pay compensation is contested by the employer, *[the employer] shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim,* a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and *a copy thereof shall be sent to the employee.* If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability." (Emphasis added.)

The language of the statute is plain and unambiguous. In drafting the statute, the legislature mandated only that the notice contesting liability be filed within twenty days. General Statutes § 31-297 (b). It then provided that failure to comply would result in the preclusion of employer defenses. Id. The legislature did not provide any form of penalty for the failure to send such notice to the claimant, but limited the invocation of preclusion to the failure to file notice contesting liability with the commission. Id. If it intended to require the employer to send notice contesting liability to the employee within the twenty day period, it would have said so in the statute. The legislature would have included the phrase "on or before the twentieth day after he has received a written notice of claim" after the phrase "a copy thereof shall be sent to the employee" if it intended to place that time limitation on notification of contest to the claimant by the employer. To avoid preclusion, notice contesting liability must be filed within twenty days with the workers' compensation commissioner. The employer is not required to send such notice to the employee within the twenty day time period. Id.

Our interpretation of this statute comports with the underlying policy of the workers' compensation statute. The legislature intended to ensure that employers would investigate claims promptly and that employees would be given notice of the specific reason for the denial of their claims. *Dubois* v. *General Dynamics Corporation,* 222 Conn. 62, 66–67, 607 A.2d 431 (1992); *DeAlmeida* v. *M.C.M. Stamping Corporation,* supra, 448–49. In turn, the effect of this policy is to "diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." (Internal quotation marks omitted.) *Dubois* v. *General Dynamics Corporation,* supra, 67.

The decision of the review division is reversed and the case is remanded to the review division with direction to remand the case to the commissioner with direction to deny the motion to preclude and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.