## LUIS RODRIGUEZ *v.* BRUCE MANUFACTURING AND MOLDING COMPANY ET AL.
## (11419)

DALY, LANDAU and FREEDMAN, Js.

Argued January 14—decision released February 16, 1993

*Michael J. McAuliffe,* with whom, on the brief, was *James L. Pomeranz,* for the appellants (defendants).

*Paul S. Ranando,* for the appellee (plaintiff).

PER CURIAM. The defendants appeal from a decision of the compensation review division (review division) of the workers' compensation commission. The review division affirmed the finding and award of the workers' compensation commissioner (commissioner). The review division also affirmed the commissioner's granting of the plaintiff's motion to preclude defenses and to establish a conclusive presumption of compensability pursuant to General Statutes (Rev. to 1985) § 31-297 (b).[1] On appeal, the defendants assert that the

---

[1] General Statutes (Rev. to 1985) § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he

review division improperly found that the notice of claim dated August 2, 1985, satisfied the provisions of General Statutes (Rev. to 1985) § 31-294.[2] Because we find that there is no final judgment, we dismiss the appeal.

The facts necessary to the resolution of this appeal may be summarized as follows. The plaintiff, Luis Rodriguez, was employed by Bruce Manufacturing and Molding Company (Bruce Manufacturing) when he sus-

has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

[2] General Statutes (Rev. to 1985) § 31-294 provides in pertinent part: "Any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing his employer, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he finds the employer has sustained by reason of such failure; but the burden of proof with respect to such prejudice shall rest upon the employer. No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. Such notice may be given to the employer or the commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

tained an injury to his lower back arising out of and in the course of his employment. On August 2, 1985, the plaintiff's attorney sent a letter by certified mail informing the defendant employer that Rodriguez had sustained a severe back injury while at work on May 28, 1985.[3] The letter also informed the employer of the plaintiff's address and, by copy of that letter, he was advising the commissioner that he was filing a claim for workers' compensation benefits. The letter also contained information regarding various aspects of the injury, the treatment for the injury, the plaintiff's time out of work, and requested information regarding the plaintiff's hourly pay. The letter was received by Bruce Manufacturing and the copy was received by the commissioner on August 6, 1985. The employer filed a notice of intention to contest liability on or about January 18, 1986, approximately 165 days after receipt of written notice of claim from the plaintiff.

The plaintiff filed a motion to preclude and, after hearings, the commissioner found that the plaintiff's letter of May 28, 1985, constituted notice, and granted the motion on the grounds that Bruce Manufacturing had failed to disclaim liability within twenty days of the date of its receipt of the plaintiff's notice of claim as required by § 31-297. During argument before this court, both parties conceded that an evidentiary hearing would be necessary to establish, inter alia, the length of time the plaintiff was disabled, the degree

---

[3] There is some confusion regarding when the injury actually occurred. The appendix attached to the brief of the plaintiff contains a copy of a letter designated "Exhibit A." This unsigned letter states that the injury occurred on April 25, 1985. This letter is dated August 2, 1985, on the first page and August 1, 1985, on the second page. The actual Claimant's Exhibit A, from the trial court files, is a letter from the defendant employer to counsel for the plaintiff, and is dated August 14, 1985. Claimant's Exhibit One is an unsigned letter dated August 2, 1985, which states that the injury occurred on May 28, 1985. Claimant's Exhibit Two is a signed letter dated August 2, 1985, which also states that the injury occurred on May 28, 1985.

of the plaintiff's disability and whether the disability is total or partial.

The test that determines whether a decision of the review division is an appealable final judgment turns on the scope of the proceedings that remain: "[I]f such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." *Szudora* v. *Fairfield,* 214 Conn. 552, 556, 573 A.2d 1 (1990).

In *Shira* v. *National Business Systems, Inc.,* 25 Conn. App. 350, 593 A.2d 983 (1991), this court addressed an appeal from the review division decision affirming the commissioner's granting of a motion to preclude defenses. Although the plaintiff had proved an employee-employer relationship, we dismissed the appeal for lack of a final judgment because the commissioner had yet to determine the compensation to be awarded and that determination involved "more than the utilization of a pure mathematical calculation of compensation." Id., 353–54. In contrast, in *Vachon* v. *General Dynamics Corporation,* 29 Conn. App. 654, 657 n.3, 617 A.2d 476 (1992), we held that an appeal from a similar order was a final judgment for the purposes of appeal because the parties had stipulated to the fact that a disability had occurred and to the method for calculating the award. Because all that remained in *Vachon* was a ministerial and uncontested calculation of the amount of worker's compensation due the plaintiff, the review division's decision was a final judgment.

All parties to this case agree that, following this appeal, an evidentiary hearing is necessary to determine the length of time the plaintiff was disabled, the

degree of disability and whether the disability is partial or total. This determination will involve more than the utilization of a mathematical calculation of compensation. It will require the exercise of independent judgment and discretion and the taking of additional evidence. Therefore, there is no final judgment.

The appeal is dismissed.