# MAURA DONAHUE *v.* VERIDIEM, INC., ET AL.
## (SC 18237)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued January 6—officially released May 19, 2009

*Neil Johnson,* for the appellant (plaintiff).

*Dominick C. Statile,* with whom, on the brief, were *Marie Gallo-Hall* and *Jean McNulty,* for the appellees (defendants).

KATZ, J. In *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 128–29, 942 A.2d 396 (2008), this court concluded that an employer deemed "conclusively presumed to have accepted the compensability of the alleged injury" under General Statutes § 31-294c (b),[1]

---

[1] General Statutes § 31-294c (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

We note that although § 31-294c was amended after the proceedings in this case by the addition of subsection (d), the remainder of the statute was unchanged. References herein to the statute are to the current revision.

because of its failure either to contest liability or to commence payment of compensation within the prescribed time period under the statute, is precluded from contesting both the compensability and the extent of disability arising from the alleged injury. The appeal in the present case raises the issue of whether an employer subject to the conclusive presumption is precluded from challenging the claimant's proof through cross-examination and submission of a written argument. The plaintiff, Maura Donahue, appeals from the decision of the compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) denying the plaintiff's claim for compensation for medical care and permanent partial disability for her back injury. In a decision issued prior to *Harpaz*, the commissioner had concluded that, although the plaintiff's back injury is conclusively presumed to be compensable because the named defendant,[2] Veridiem, Inc., failed to file a timely notice contesting the plaintiff's claim, the plaintiff's evidence that this compensable injury had caused her need for the medical care and her disability for which she sought compensation was not credible. The plaintiff contends that the board's decision must be reversed because the commissioner improperly allowed the defendant to contest her claim by challenging her proof. We agree with the plaintiff. We therefore reverse the board's decision.

The commissioner's decision and the record reveal the following undisputed facts and procedural history. The plaintiff commenced employment with the defendant on January 3, 2002. On January 16, 2003, the workers' compensation commission (commission) received a notice of claim from the plaintiff alleging that she had sustained an injury on January 17, 2002, arising out of

---

[2] Veridiem, Inc.'s insurer, OneBeacon Insurance, also is a defendant in this case. For convenience, we refer to Veridiem, Inc., as the defendant.

and in the course of her employment. On January 21, 2003, the defendant received a written notice of claim alleging that, on January 17, 2002, the plaintiff had sustained an injury to her "lower back/ruptured disk" when she fell on a wet floor at the defendant's corporate office. The defendant filed a notice contesting liability, which the commission received on February 24, 2003.

At the beginning of the formal hearing on her claim, held on October 21, 2005,[3] the plaintiff asserted that she intended to file a notice to preclude the defendant from contesting liability because its notice to contest her claim had been filed beyond the twenty-eight day period prescribed under § 31-294c (b). See footnote 1 of this opinion. Without objection from the plaintiff, the commissioner proceeded with the hearing. The plaintiff was the only witness to testify, subject to the defendant's cross-examination. The only exhibits put into evidence were those submitted by the plaintiff, principal among those being medical records and bills, including hospital bills for a December, 2002 back surgery.

On November 14, 2005, the plaintiff filed a motion to preclude the defendant from contesting liability. That day, the commissioner held a "[p]re-[f]ormal" hearing on the motion and the defendant's objection thereto and added the issue of preclusion to those previously raised for consideration at the formal hearing. The defendant thereafter filed a fifteen page brief with the commission contending that the plaintiff's claim should be denied for several reasons, including that "[f]actually, the [plaintiff] has not proven that her back problems for which she ultimately underwent surgery arose out of and in the course of her employment," and "the

---

[3] There is no evidence in the record to explain the one year and eight month lapse of time between the date the commission received notice of the defendant's intent to contest the plaintiff's claim and the hearing on her claim. See General Statutes § 31-297 (setting forth time period for hearing of claims).

[plaintiff] has not established a prima facie medical case" to establish the causal link between her employment and her injury.

On December 19, 2005, the plaintiff submitted a motion to add additional evidence to the record that she had received that day, specifically, a letter from Inam U. Kureshi, the neurosurgeon who had performed the plaintiff's back surgery. Kureshi opined in the letter that, after her December 3, 2002 lumbar discectomy, the plaintiff had a 6.67 percent permanent partial disability of the spine and that, within reasonable medical probability, this injury had been caused by the January 17, 2002 fall at work.[4] Over the defendant's objection, the commissioner thereafter permitted the plaintiff to add Kureshi's letter to the record.

In her decision filed on April 3, 2006, the commissioner framed the case as raising three issues: (1) "Whether the [plaintiff's] motion to preclude under § 31-294c (b) should be granted"; (2) "Whether the [plaintiff's] January 17, 2002 back injury arose out of and in the course of her employment under [General Statutes] § 31-275"; and (3) "If found compensable, what benefits are due to the [plaintiff]?" The commissioner concluded that the motion to preclude should be granted and, therefore, that the plaintiff's January 17, 2002 back claim was compensable. The commissioner concluded,

[4] Kureshi's letter stated in relevant part: "[The plaintiff] has been a patient of mine since 2002. She first saw Dr. Arnold Rossi, my partner, in August of 2002 after she suffered an injury on January 17, 2002. The [plaintiff] fell at work and as a result of that fall she developed severe back and leg pain. She was initially evaluated by Dr. Rossi and then by Dr. [John] Grady-Benson. The [plaintiff] was found to have a lumbar radiculopathy secondary to a disc herniation and some mild adductor hip pain, which was treated effectively by Dr. Grady-Benson." After setting forth the progressive course of the plaintiff's medical treatment, which ultimately led to back surgery, Kureshi stated: "After reviewing her records, it is clear to me that [the plaintiff] suffered this injury as [a] direct result of her injury of her fall that she sustained [on] January 17, 2002 with reasonable medical probability."

however, that the plaintiff's claim for reimbursement of medical bills and for permanent partial disability benefits should be denied. The commissioner found the plaintiff's testimony not to be credible or persuasive with respect to the extent of her disability. The commissioner similarly found Kureshi's letter "[not] to be credible or persuasive relating [the plaintiff's] January, 2002 injury to her need for medical care and surgery or the 6.67 [percent] permanent partial disability of the back."

In support of her decision, the commissioner cited the following evidence. The plaintiff did not fill out an accident report or file a notice of injury regarding the January, 2002 incident. The plaintiff was not sore on the day of the fall, but felt some soreness and noticed bruising on the back side of her hip and lower thigh the following day. She did not experience any problems as a result of the fall until the following month. The plaintiff thereafter sought treatment from her general practitioner for complaints of fatigue and muscle soreness, but never complained of back problems. Her general practitioner's reports from February, March and April of 2002, made no reference to a work incident. On July 26, 2002, the plaintiff received a magnetic resonance imaging (MRI) that showed disc protrusions at multiple levels. A November 27, 2002 report from Hartford Hospital indicated that the plaintiff had alleged ongoing lower back pain since July, 2002, and did not indicate any reference to a work injury.[5] In reliance on the foregoing evidence, the commissioner denied the plaintiff's claim for compensation for medical care and disability.

The plaintiff appealed from the commissioner's decision to the board, relying on the Appellate Court's hold-

---

[5] The plaintiff did file a motion to correct this finding, for reasons that are not evident to us upon review of her motion, which the commissioner denied. The plaintiff did not challenge that finding on appeal.

ing in *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn.
App. 441, 615 A.2d 1066 (1992), in support of her claim
that the commissioner's decision had failed to give the
finding of preclusion its full force and effect as to liabil-
ity and causation. The board rejected the plaintiff's
claim on two grounds. First, it concluded that the revi-
sion of § 31-294c (b) at issue in *DeAlmeida* had been
amended in 1993 "to specifically permit a respondent
to challenge the extent of disability." Second, the board
noted that, even predating *DeAlmeida*, "the burden has
always been on the claimant to establish [that] her
disability is linked to the compensable injury. . . . If
the trier is not persuaded by the claimant's [medical]
evidence, there is nothing that this board can do to
override that decision on appeal." (Citations omitted;
internal quotation marks omitted.) The board con-
cluded that the present case was legally indistinguish-
able from two of its prior cases rejecting a similar claim,
the most recent being *Harpaz* v. *Laidlaw Education
Services*, No. 5040, CRB 7-05-12 (December 11, 2006).
Accordingly, the board affirmed the commissioner's
decision.

Pursuant to General Statutes § 31-301b, the plaintiff
appealed from the board's decision to the Appellate
Court. While that appeal was pending, this court issued
its decision in *Harpaz* v. *Laidlaw Transit, Inc.*, supra,
286 Conn. 102. In that case, we concluded that the
1993 amendment to § 31-294c (b) was intended only to
remedy a problem affecting employers that had com-
plied with the statutory limitations by timely commenc-
ing payment of a claim, and, as a result, provided an
extended time period to allow such employers to con-
test either compensability or the extent of disability.
Id., 127–29. We further concluded that § 31-294c (b) as
amended, when read contextually and in its entirety,
as well as in connection with the legislative history and
genealogy of the statute, did not intend to change the

status quo for employers that had not complied with the statutory time limits for either commencing payment or contesting liability of the claim. Id., 129–30. Thus, consistent with the past practice for the preceding twenty-seven years, we concluded that employers that had not complied with either predicate were precluded from challenging both the compensability of the injury and the extent of disability. Id., 128–29. We underscored, however, that preclusion did not relieve claimants of their obligation to prove their claim by competent evidence. Id., 131. We summarized the defect in the proceeding before the commissioner in *Harpaz* as follows: "In the present case, the commissioner stated that, preclusion aside, the plaintiff would need to establish the compensability of his injury, or more specifically, the causal connection between his need for surgery and his compensable injury. Because the commissioner expressly credited the defendant's expert over the plaintiff's expert, the commissioner concluded that the plaintiff had failed to sustain his burden. *There is nothing, however, to suggest that the commissioner would have made the same determination in the absence of the expert testimony presented by the defendant.* Accordingly, because the defendant neither commenced payment to the plaintiff nor filed a notice contesting liability within the prescribed twenty-eight day period, under § 31-294c (b), on remand, the defendant is barred from contesting the compensability of the plaintiff's claim, including the extent of the plaintiff's disability, *leaving the plaintiff to his burden of proof.*" (Emphasis added.) Id., 132.

In light of that decision, in the present case, the Appellate Court asked the parties to file supplemental briefs on the impact of *Harpaz* on the issues raised on appeal. After hearing oral argument and reviewing the supplemental briefs, the Appellate Court requested that the appeal be transferred to this court, pursuant to Practice

Book § 65-2.[6] We granted the Appellate Court's request and transferred the appeal to this court pursuant to General Statutes § 51-199 (c).

In their supplemental briefs, the parties take different positions as to an employer's role in the proceedings after the commissioner grants a motion to preclude. The plaintiff contends that, although she was required to prove her case, the defendant was precluded, by virtue of the conclusive presumption, from cross-examining witnesses, arguing against coverage and filing briefs in opposition to her claim.[7] The defendant takes the position that it was precluded only from putting forth its own expert and evidence, not from challenging the plaintiff's proof.[8] We conclude that, once a motion to preclude is granted, the only role an employer plays

---

[6] Practice Book § 65-2 provides in relevant part: "If, at any time before the final determination of an appeal, the appellate court is of the opinion that the appeal is appropriate for supreme court review, the appellate court may file a brief statement of the reasons why transfer is appropriate. The supreme court shall treat the statement as a motion to transfer and shall promptly decide whether to transfer the case to itself."

[7] We note that, in her original appellate brief, the plaintiff had claimed that the burden was not on her to establish that her disability was linked to the compensable injury. In light of our intervening decision in *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 131, concluding that the conclusive presumption does not relieve a claimant of her obligation to prove her claim, we need not address this claim.

[8] The defendant also contended in its supplemental brief, and later at oral argument to this court, that: (1) public policy concerns, namely, malfeasance by claimants seeking compensation for injuries not proximately caused by their employment, favor revisiting the holding in *Harpaz*; and (2) our reasoning in *Harpaz* was flawed because, inter alia, we failed to comply with General Statutes § 1-2z by ignoring the plain meaning of the text, as manifested by the deletion of certain text as a result of the 1993 amendment to § 31-294c (b). We reject the defendant's invitation. The defendant gives an unduly expansive interpretation to *Harpaz* as barring an employer from contesting any subsequent claim for additional compensation. We also note that the defendant's arguments as to § 1-2z misconstrues that statute, which limits courts to the current text of the statute to determine whether the meaning is unambiguous and only permits resort to extratextual sources, such as amendments to the statute, after there is a determination that the text is ambiguous.

is to decide whether to stipulate to the compensation claimed. If the employer does not so stipulate, the claimant proceeds with her case, subject to examination by the commissioner.

In determining the meaning and effect of preclusion under § 31-294c (b), we note that we do not afford deference to an agency's interpretation of a statute when, as in the present case, the construction of a statute previously has not been subjected to "judicial scrutiny" or to "a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 109; *Pasquariello* v. *Stop & Shop Cos.*, 281 Conn. 656, 663, 916 A.2d 803 (2007). Accordingly, in the present case, we "exercise plenary review in accordance with our well established rules of statutory construction." (Internal quotation marks omitted.) *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 109.

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id.

Neither party has contended that § 31-294c (b) is plain and unambiguous as to the question presented in this

appeal. We agree. As the discussion that follows indicates, although the statute provides some guidance, it does not provide specific direction on the employer's role once a motion to preclude has been granted. Therefore, we are not limited to the text of the statute to resolve the matter before us.

Turning first to that text, § 31-294c (b) provides in relevant part that "an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death." We have referred to this statute, or its predecessor, as setting forth a "conclusive presumption." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 105; *Del Toro* v. *Stamford*, 270 Conn. 532, 542 n.8, 853 A.2d 95 (2004); *Castro* v. *Viera*, 207 Conn. 420, 427, 541 A.2d 1216 (1988); *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 111, 411 A.2d 924 (1979). Generally, a conclusive or irrebuttable presumption is "[a] presumption that cannot be overcome by any additional evidence *or argument* . . . ." (Emphasis added.) Black's Law Dictionary (7th Ed. 1999); accord 29 Am. Jur. 2d, Evidence § 184 (1994) ("[a] conclusive or irrebuttable presumption is . . . a substantive rule of law directing that proof of certain basic facts conclusively provides an additional fact which cannot be rebutted"); 9 Wigmore, Evidence § 2492 (Chadbourn Ed. Rev. 1981) ("[w]herever from one fact another is said to be conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule is really providing that where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case"); see *State* v. *Williams*, 199 Conn. 30, 35 n.4, 505

A.2d 699 (1986) ("[a] conclusive presumption removes the presumed element from the case once the [s]tate has proven the facts giving rise to the presumption" [internal quotation marks omitted]; *State* v. *Harrison*, 178 Conn. 689, 695–96, 425 A.2d 111 (1979) ("a conclusive presumption does more than shift the burden: it deprives the jury of any fact-finding function as to intent, and removes from the prosecution any requirement to go forward or to persuade, beyond a recital of events, let alone to prove"); *Ducharme* v. *Putnam*, 161 Conn. 135, 142, 285 A.2d 318 (1971) (explaining when contrasting rebuttable and irrebuttable presumptions that, "[i]n both cases it is a substitute for proof; in the one open to challenge and disproof, and in the other conclusive" [internal quotation marks omitted]).

In light of such settled principles, we would have expected the legislature not to have used such unequivocal language or, at a minimum, to have added some qualifying language to the conclusive presumption in § 31-294c (b) had it intended to permit employers subject to this sanction to have some adversarial role in the proceedings. Compare General Statutes § 52-86 (c) ("[a] creditor appearing pursuant to the provisions of this section shall not be permitted to plead in abatement, to plead or give in evidence the statute of limitations, to plead that the contract was not in writing according to the requirements of the statute, or to plead any other statutory defense consistent with the justice of the plaintiff's claim") and Practice Book (2008) § 13-4 (4) ("[i]f disclosure of the name of any expert expected to testify at trial is not made in accordance with this subdivision, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure [A] will cause undue prejudice to the moving party; or [B] will

cause undue interference with the orderly progress of trial in the case; or [C] involved bad faith delay of disclosure by the disclosing party"). To read preclusion to allow the employer to cross-examine witnesses and to submit written argument in opposition to the plaintiff's claim would translate, essentially and simply, to a sanction barring the employer from introducing its own expert witness. An employer could do much to avoid the sting of such a limited sanction, however, by hiring a medical expert to prepare his counsel to ask the appropriate medical questions on cross-examination to discredit the plaintiff or her expert. Such a result hardly would comport with the board's own description of preclusion as a "harsh remedy"; *West* v. *Heitkamp, Inc.*, No. 4587, CRB-5-02-11 (October 27, 2003); *Verrinder* v. *Matthew's Tru Colors Painting & Restoration*, No. 4936, CRB-4-05-4 (December 6, 2006); having a "drastic effect . . . ." *Aulenti* v. *Darien*, No. 4571, CRB-7-02-9 (September 5, 2003); id. ("Also, we are conscious of the drastic effect of a [m]otion to [p]reclude, as it divests the employer of the right to contest liability for a claim. We do not believe that this rather harsh remedy should be imposed without ensuring that both parties have been provided with the due process protections inherent in a formal proceeding.").

Appellate case law addressing the question of whether the granting of a motion to preclude constitutes a final judgment indicates that the employer does have a role to play following such a decision, albeit a rather limited one. In considering the final judgment question, the Appellate Court has noted: "The test for determining whether the defendants have appealed from a final judgment turns on the scope of the proceedings on remand. *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990). '[I]f such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of inde-

pendent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed.' Id., citing *Matey* v. *Estate of Dember*, 210 Conn. 626, 630, 556 A.2d 599 (1989)." *Quinn* v. *Standard-Knapp, Inc.*, 40 Conn. App. 446, 447–48, 671 A.2d 1333 (1996). Applying that general principle to the granting of a motion to preclude, these cases indicate that, when an employer stipulates entirely to the compensation being claimed, that is, both the compensability and the extent of disability arising from the alleged injury, the remand to the commissioner usually involves a nondiscretionary calculation of benefits using the formula set forth by statute and thus is a final judgment; but when the employer does not so stipulate, an evidentiary hearing is necessary so that the claimant may prove her right to the compensation claimed. Compare id., 448–49 (evidentiary hearing required), *Rodriguez* v. *Bruce Mfg. & Molding Co.*, 30 Conn. App. 320, 323–24, 620 A.2d 149 (1993) (same) and *Shira* v. *National Business Systems, Inc.*, 25 Conn. App. 350, 353, 593 A.2d 983 (1991) (same) with *Vachon* v. *General Dynamics Corp.*, 29 Conn. App. 654, 657 n.3, 617 A.2d 476 (1992) (no evidentiary hearing required), cert. denied, 224 Conn. 927, 619 A.2d 852 (1993) and *Guinan* v. *Direct Marketing Assn., Inc.*, 22 Conn. App. 515, 517, 578 A.2d 129 (1990) (same). There is nothing in these cases to suggest that an employer has the right to test the evidence proffered by the claimant at these proceedings by way of question or argument.[9]

[9] We note, however, that in *Guinan* v. *Direct Marketing Assn., Inc.*, 21 Conn. App. 63, 571 A.2d 143, aff'd on remand, 23 Conn. App. 805, 580 A.2d 1251, cert. denied, 216 Conn. 829, 582 A.2d 829 (1990), the Appellate Court indicated that *both* parties could present evidence to the commissioner after the motion to preclude was granted. See id., 66 ("[w]hile General Statutes [§ 31-297 (b), now § 31-294c (b)] states that the defendants are precluded from contesting the extent of the plaintiff's disability, the determination of the extent of that disability and the total amount of compensation under [General Statutes] § 31-308 necessarily involves the presentation of evidence by both parties and factfinding on the part of the commissioner"). The context for this statement is unclear, and, to the extent that it is inconsistent

Two possible reasons come to mind as to why the employer should be able to participate in the proceeding to challenge the plaintiff's proof, both of which we ultimately reject. First, it could be argued that the employer's participation would be consistent with the legislature's goal to ensure payment of " 'bona fide claims.' " *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 131, quoting *Menzies* v. *Fisher*, 165 Conn. 338, 342–43, 334 A.2d 452 (1973). Indeed, for that reason, we recognized in *Harpaz* that the granting of a motion to preclude does not relieve a claimant of her obligation to prove her claim—that the compensation claimed in fact arises from the compensable injury—by competent evidence. *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 131; *Shira* v. *National Business Systems, Inc.*, supra, 25 Conn. App. 353 ("[t]he plaintiff has the burden of proving the extent of his incapacity"); *Peters* v. *Southern Connecticut State University*, No. 1103, CRD-3-90-8 (January 13, 1992) (remanding case in light of conclusion that award for permanent partial benefits was found without competent supporting evidence because medical reports of plaintiff's expert, on which commissioner had relied, were never made part of evidentiary record). We are not persuaded by this argument, however, because the employer's participation would aid in achieving that goal at the cost of undermining the incentive that the preclusive sanction was intended to have of facilitating prompt payment of claims. See *Menzies* v. *Fisher*, supra, 342 ("[a]mong the defects in previous provisions of the [Workers' Compensation] [A]ct were the needless, prejudicial delays in the proceedings before the commissioners, delays by employers or

---

with our understanding of the effect of preclusion, we reject it. Following our decision in *Harpaz*, it is clear that an employer cannot present evidence following the granting of a motion to preclude, and the defendant does not claim otherwise. The only issue is whether an employer subject to the conclusive presumption is precluded from challenging the claimant's proof through cross-examination and submission of written argument.

insurers in the payment of benefits, lack of knowledge on the part of employees that they were entitled to benefits and the general inequality of resources available to claimants with bona fide claims"). As importantly, the *commissioner's* role in the proceedings sufficiently advances that goal without the accompanying detrimental effect.

The plaintiff conceded at oral argument to this court that preclusion would not limit the commissioner's ability to test her proof. We agree. Indeed, § 31-294c (b) and the workers' compensation scheme generally indicate that the conclusive presumption under § 31-294c does not operate to bar *any* inquiry on the claim, but, rather, only the *employer's* ability to do so.[10] By its own terms, § 31-294c (b) attaches the conclusive presumption to the *employer*. Had the legislature intended not to allow the commissioner to probe the plaintiff's proof, it readily could have stated that the compensability of the injury shall be conclusively presumed, rather than that the employer is conclusively presumed to have accepted the compensability of the claim. Compare General Statutes § 10a-109g (b) ("[a]fter issuance, all securities of the university shall be conclusively pre-

[10] We recognize that an Appellate Court case and dicta in two cases from this court relying on that case have indicated that, once the conclusive presumption attaches, no further inquiry is permitted, even by the *commissioner*. See *Bush* v. *Quality Bakers of America*, 2 Conn. App. 363, 373–74, 479 A.2d 820 ("[w]e agree with the conclusion of the compensation review division that once the commissioner found statutory preclusion of any defense to compensability, 'he was no longer permitted to make any factual exploration or finding concerning such a potential question' "), cert. denied, 194 Conn. 804, 482 A.2d 709 (1984); *Ash* v. *New Milford*, 207 Conn. 665, 673–74, 541 A.2d 1233 (1988) (quoting *Bush*); see also *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 116–17 (citing *Ash*). This specific issue was not squarely before the court in these three cases, and we are convinced that it is contrary to the purposes of the workers' compensation scheme to require employers to pay claims that are not bona fide simply because they failed to meet a twenty-eight day deadline for filing their notice to contest the claim.

sumed to be fully and duly authorized and issued under the laws of the state") and General Statutes § 20-325g ("[t]here shall be a conclusive presumption that a person has given informed consent to a dual agency relationship with a real estate broker if that person executes a written consent in the following form prior to executing any contract or agreement for the purchase, sale or lease of real estate"). More significantly, the legislature specifically vested the commissioners with broad powers and authorized them to exercise such powers "in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter." General Statutes § 31-298; see General Statutes §§ 31-287 and 31-294f. In the absence of an express indication that the legislature intended to abrogate or limit that authority when a motion to preclude is granted, we presume that the commissioner retains such authority. See *Micklos* v. *Iseli Co.*, No. 1450, CRB-5-92-7 (June 17, 1994) ("the trier's evidentiary inquiry into the extent of the disability was not foreclosed by the respondent's failure to file a timely disclaimer of liability under [General Statutes § 31-297 (b), now § 31-294c (b)]").

The second possible reason to allow the defendant to test the plaintiff's proof is that, if the commissioner is allowed to examine the plaintiff's proof, there would be no meaningfully different effect than if the employer were to assume the same role. In other words, if the commissioner is not required to be a passive recipient of evidence submitted by a claimant, the employer should not be required to be a passive spectator at the evidentiary hearing. Although this argument has some superficial appeal, for the reasons previously set forth, there is no textual support for this construction of § 31-294c (b), and indeed the text suggests otherwise. Given that the policy concerns on both sides—ensuring that bona fide claims are paid and providing a strong incentive for employers either to commence payment or to

provide timely notice of the basis for a contest to payment—are effectuated by a rule under which the commissioner holds a claimant to her proof without unsolicited assistance from the employer,[11] we reject this reason as well.

Our decision in this case is largely guided by our previous interpretation of § 31-294c (b) in *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 102. To the extent that the defendant raises legitimate policy considerations that dictate a different outcome, the legislature may weigh these considerations and address them as it sees fit.

In the present case, the defendant cross-examined the plaintiff and submitted a brief opposing her right to the compensation claimed. Although the commissioner cited to testimony adduced through direct examination of the plaintiff and exhibits submitted by the plaintiff in support of the vast majority of the factual findings, we are not convinced that the defendant's challenges to the plaintiff's case had no effect on the commissioner's decision. Therefore, the plaintiff is entitled to a new proceeding before a different commissioner.

The decision of the board is reversed and the case is remanded to the board with direction to reverse the commissioner's decision and to remand the case to a new commissioner for further proceedings.

In this opinion the other justices concurred.

---

[11] We acknowledge the possibility that there may be circumstances in which the commissioner properly may seek records or information from the employer to aid in the adjudication of a claim and the calculation of benefits.