## JOSEPH AUGER *v.* TOWN OF STRATFORD
### (AC 20468)

Foti, Mihalakos and Hennessy, Js.

Argued February 26—officially released June 26, 2001

*Matthew Hirsch*, with whom, on the brief, was *George W. Boath, Jr.*, special assistant town attorney, for the appellant (defendant).

*William L. Cotter*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, the town of Stratford (town), appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) that the plaintiff, Joseph Auger, was entitled to receive insurance benefits under General Statutes (Rev. to 1989) § 31-284b[1] despite the fact that, as stated by

---

[1] General Statutes (Rev. to 1989) § 31-284b (a) provides: "In order to maintain, as nearly as possible, the income of employees who suffer employment-related injuries, any employer, as defined in section 31-275, who provides accident and health insurance or life insurance coverage for any employee or makes payments or contributions at the regular hourly or weekly rate for full-time employees to an employee welfare fund, as defined in section 31-53, shall provide to such employee equivalent insurance coverage or welfare fund payments or contributions while the employee is eligible to receive or is receiving workers' compensation payments pursuant to this chapter, or while the employee is receiving wages under a provision for sick leave payments for time lost due to an employment-related injury."

the board in its decision, he "is no longer receiving workers' compensation benefits of any kind."

On appeal, the defendant claims that (1) the board improperly affirmed the commissioner's finding and award, (2) there must be an entitlement to some type of weekly indemnity benefit under the Workers' Compensation Act, General Statutes § 31-275 et seq., to trigger § 31-284b benefits and that those benefits are not triggered by occasional medical treatment, (3) the board improperly determined sua sponte that it was clear from the plaintiff's testimony that the plaintiff had continued treatment with a physician for his compensable condition and, therefore, still needed medical treatment, when the commissioner never made such a determination, nor made it part of his finding and award, and (4) the board improperly concluded that the town's failure to file a form 36[2] in conjunction with its discontinuance of the plaintiff's insurance benefits automatically entitled the plaintiff to § 31-284b coverage through the date of the formal hearing. We agree with the town on the second issue, which we find to be dispositive and, accordingly, we reverse the decision of the board without addressing the remaining claims.

The commissioner found the following facts. The plaintiff, a former police officer for the town, suffered a compensable back injury on August 7, 1990. The town and the plaintiff entered into two voluntary agreements regarding that injury in which the parties agreed that the plaintiff had a 20 percent permanent partial impairment of his back entitling him to 104 weeks of specific indemnity benefits. At the time of his injury, as a benefit of employment, the plaintiff, his spouse and dependents

---

[2] A form 36 notifies the workers' compensation commissioner and the person claiming benefits that the employer and its insurer intend to discontinue compensation payments. *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 38 n.1, 668 A.2d 1346 (1996).

were receiving health, dental and life insurance coverage without cost to him.

On July 14, 1995, the plaintiff was awarded a disability pension as a result of his back injury and the fact that he was unable to perform the duties of a police officer. When the plaintiff began receiving his disability pension, the town discontinued his dental insurance coverage and began deducting health insurance premiums from his paychecks. The plaintiff then instituted a claim against the town seeking reimbursement of all premiums deducted and reinstatement of the same health, dental and life insurance coverage for himself and his defendants that was in place on the date of his injury, August 7, 1990. The plaintiff also sought interest and attorney's fees.

The commissioner ruled that the plaintiff was entitled to § 31-284b benefits, even though he no longer was receiving workers' compensation benefits of any kind. The commissioner found that the plaintiff's case remained open and active, a fact that made him *eligible* to receive workers' compensation benefits. The commissioner thus concluded that the plaintiff was expressly entitled to § 31-284b benefits. The commissioner directed the town to reinstate the plaintiff and his group medical benefits that were in effect on the date of the plaintiff's injury without cost to him. Additionally, the commissioner ordered the town to reimburse the plaintiff for all of the health insurance premiums that were improperly deducted from his paychecks. Because attorney's fees were not awarded, the plaintiff joined the town in petitioning the board for review of the commissioner's decision. The board affirmed the commissioner's decision. This appeal ensued.

The second issue raised by the defendant is identical to that addressed by this court recently in *Kelly* v.

*Bridgeport*, 61 Conn. App. 9, 762 A.2d 480 (2000), cert. denied, 255 Conn. 933, 767 A.2d 104 (2001). In *Kelly*, this court held that "[c]onstruing the statutes as they existed at the time of the plaintiff's injury, we conclude that the term 'compensation payments' as used in § 31-284b (a) does not include payments for medical care after the indemnity compensation period has ceased. The statute mandates that an employer is required to continue insurance benefits only while an employee is receiving 'compensation payments' for disability under the Workers' Compensation Act." Id., 16–17. For the reasons set out in that opinion, we reverse the decision of the board and remand this case to it with direction to reverse the decision of the commissioner.

The decision of the workers' compensation review board is reversed and the case is remanded to the board with direction to reverse the decision of the commissioner.