# BARBARA TARDY *v.* ABINGTON CONSTRUCTORS, INC., ET AL.
## (AC 21378)

Lavery, C. J., and Bishop and Daly, Js.

Argued January 17—officially released July 23, 2002

*Robert D. McGann,* for the appellants (named defendant et al.).

*Amy M. Stone,* for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. This appeal concerns a claim for dependent's death benefits that was filed by the plaintiff, Barbara Tardy, pursuant to General Statutes § 31-306[1] of the Workers' Compensation Act (act), General Statutes § 31-275 et seq. After the plaintiff filed her claim with the workers' compensation commission, she submitted a motion to preclude the defendants, Abington Constructors, Inc., Argonaut Insurance Company and Thomas J. Fay Insurance Adjusters,[2] from contesting her right to receive death benefits. The workers' compensation commissioner (commissioner) granted the motion on the ground that because the plaintiff had given proper notice of her intent to file a claim for death benefits, as she was required to do under General Statutes § 31-294c (a),[3] the defendants' failure to provide notice of their intent to contest the plaintiff's claim,

---

[1] Under General Statutes § 31-306 (a), dependents of an employee are entitled to death benefits if the employee dies from an accident "arising out of and in the course of employment . . . ."

[2] Thomas J. Fay Insurance Adjusters is not a party to this appeal. We therefore refer in this opinion to Abington Constructors, Inc., and Argonaut Insurance Company as the defendants.

[3] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given . . . . Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident . . . and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

in accordance with § 31-294c (b),[4] precluded them from arguing that the plaintiff was not entitled to benefits. The workers' compensation review board (board) affirmed the commissioner's decision and this appeal followed.

In their appeal, the defendants raise the following claims: (1) the plaintiff was not required to file a notice of claim pursuant to § 31-294c (a) and, therefore, the defendants were not obligated to file a notice to contest in accordance with § 31-294c (b); (2) public policy prohibits granting a motion to preclude where the plaintiff's counsel did not inform the insurer's counsel of the claim despite an ongoing course of contact; and (3) the form that the defendants filed upon the decedent's death was the legal and practical equivalent of a notice to contest for the purpose of defeating the motion to preclude. We affirm the decision of the board.[5]

---

[4] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commissioner stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. . . . [A]n employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

[5] The parties were informed prior to oral argument that they should be prepared to discuss why the defendants' appeal should not be dismissed for lack of a final judgment because the amount of the award had not been determined. See *Matay* v. *Estate of Dember*, 210 Conn. 626, 630, 556 A.2d 599 (1989). At oral argument, the parties agreed that the appeal was taken from a final judgment because if the judgment were affirmed, the plaintiff would receive the amount paid to the decedent, plus cost of living adjustments pursuant to § 31-306 (a) (2). As a result, there would be no need for additional evidence. See *Szudora* v. *Fairfield*, 214 Conn. 552, 556–57, 573 A.2d 1 (1990); but cf. *Fantasia* v. *Tony Patano Mason Contractors, Inc.*, 54 Conn. App. 194, 200, 732 A.2d 822, cert. denied, 250 Conn. 927, 738 A.2d

At the hearing before the commissioner, the parties stipulated to the facts and no formal testimony was heard. The stipulated facts and the commissioner's findings reveal the following. The plaintiff is the surviving spouse of Michael Tardy. Michael Tardy suffered a compensable injury on February 17, 1991, while on the job for the defendant Abington Constructors, Inc., and received temporary total disability benefits until his death from a heart attack on August 24, 1998, in South Portland, Maine. The claim was administered by the defendant Argonaut Insurance Company, the workers' compensation carrier for the defendant Abington Constructors, Inc., and Thomas J. Fay Insurance Adjusters. After Michael Tardy's death, the defendants filed a form 36[6] to discontinue his benefit payments, stating that his death was not work related. Shortly thereafter, the defendant Argonaut Insurance Company received a copy of a letter that the plaintiff's counsel had filed with the workers' compensation commission stating that she did not dispute that Michael Tardy's disability benefits should be terminated, but that "it appears that the work-related injury and its sequelae were substantial factors in causing the heart attack. Accordingly, I will be filing a Notice of Claim for widow's benefits in the near future." On October 13, 1998, the plaintiff filed a form 30C notice of claim with the defendant Abington Constructors, Inc., and the workers' compensation commission as required by § 31-294c (a). Neither the defendant Argonaut Insurance Company nor Thomas J. Fay Insurance Adjusters received the notice of claim until the plaintiff's counsel filed a motion to preclude on November 19, 1998. The defendant Abington Con-

---

655 (1999). We conclude that their analysis is on point. Accordingly, we review the defendants' appeal.

[6] "A form 36 notifies the workers' compensation commissioner and the person claiming benefits that the employer and its insurer intend to discontinue compensation payments." *Auger* v. *Stratford*, 64 Conn. App. 75, 76 n.2, 779 A.2d 773 (2001).

structors, Inc., did not file a notice to contest within twenty-eight days of its receipt of the plaintiff's notice of claim, as required by § 31-294c (b).

The plaintiff's motion to preclude was granted by the commissioner and affirmed by the board. The defendants now appeal to this court, asking us to reverse the order of preclusion and to order the commissioner to require the plaintiff to prove by a preponderance of the evidence that Michael Tardy's death was causally related to his compensable injury. Additional facts will be provided as necessary.

I

The defendants make two arguments in support of their contention that the plaintiff's notice of claim was superfluous. First, they argue that because the decedent's claim for benefits was accepted, the plaintiff's derivative claim does not require a separate notice. Second, they argue that this case raises an issue of the extent of the decedent's disability, a circumstance where our Supreme Court has held that a separate notice is not required. We disagree with both contentions and conclude that the statutory scheme requires a dependent filing for a death benefit to file a separate claim, necessitating the employer to file a separate notice to contest.

Once an employer accepts a decedent's underlying claim, the facts of that claim may not be retried, but rather are binding on a dependent's subsequent claim for death benefits. See *Biederzycki* v. *Farrel Foundry & Machine Co.*, 103 Conn. 701, 705, 131 A. 739 (1926). A dependent is entitled to death benefits if the decedent was entitled to benefits and the dependent can also show that (1) the employee died, (2) the claimant was a dependent under the act and (3) the decedent's death was causally related to the compensable injuries. See id.; see also General Statutes § 31-306.

The parties agree that whether a separate notice of claim is required when a dependent pursues a death benefit is a question that our appellate courts have not previously addressed. For workers' compensation appeals, "[i]t is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 603–604, 748 A.2d 278 (2000); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 50 & (Cum. Sup. 2001) p. 238.

"The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 604. Furthermore, "[w]e are mindful of the principles underlying Connecticut practice in [workers'] compensation cases: that the legislation is remedial in nature . . . and that it should be broadly construed to accomplish its human-

itarian purpose." (Internal quotation marks omitted.) Id., 604–605. With those standards in mind, we turn to the merits of the defendants' appeal.

The defendants opined at oral argument that requiring a dependent spouse to file a separate notice of claim when the underlying claim has been accepted should founder on public policy grounds because it would create unnecessary paperwork for parties who agree that the spouse is entitled to benefits. That argument overlooks the relevant statute and the board's prior precedent. As the plaintiff points out, the board concluded several years ago that a separate notice is required for a dependent's claim for death benefits. See *Sellew* v. *Northeast Utilities*, 12 Conn. Workers' Comp. Rev. Op. 135, 138 (1994) ("widow cannot rely on the claim filed by her deceased husband to satisfy the jurisdictional notice requirements of [General Statutes (Rev. to 1985)] § 31-294," now General Statutes §§ 31-294a through 31-294g); see also *Freeman* v. *Hull Dye & Print, Inc.*, 12 Conn. Workers' Comp. Rev. Op. 259, 261 (1994) (same), rev'd on other grounds, 39 Conn. App. 717, 667 A.2d 76 (1995).

In response to the *Sellew* decision, the legislature in 1998 considered "An Act Concerning Notice of Claims," House Bill No. 5076. If enacted, the bill would have amended § 31-294c (c) so that a notice of claim would not be required "in the case of a dependent survivor's claim for benefits under § 31-306, as amended, as a result of death arising from an injury, if the decedent filed timely notice of a claim for benefits for the injury under this section prior to his death." All of the witnesses and legislators who testified about the bill at the public hearing agreed that legislative action was necessary for a dependent to use a decedent spouse's notice of claim rather than having to file a separate notice. See Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 1, 1998 Sess., pp. 13–14 (Connecticut Trial Lawyers Association); pp. 33–34

(Connecticut Business and Industry Association); pp. 98, 133 (Insurance Association of Connecticut); p. 110 (Connecticut AFL-CIO); p. 131 (Greater New Haven Chamber of Commerce); Conn. Joint Standing Committee Hearings, Labor and Public Employees, supra, Pt. 2, p. 510 (Connecticut Employees Union Independent, Local 511). Although the bill received a favorable committee vote, it was not voted on by the House of Representatives.

Rather, the legislature enacted what is now General Statutes § 31-306b, which contemplates the filing of a separate notice of claim. Section 31-306b (a) provides that "[n]ot later than thirty days after the date an employer or insurer discontinues paying weekly disability benefits to an injured employee under the provisions of this chapter due to the death of the injured employee, the employer or insurer shall send by registered or certified mail to the last address to which the injured employee's workers' compensation benefit checks were mailed, a written notice stating, in simple language, that dependents of the deceased employee may be eligible for death benefits under this chapter, *subject to the filing and benefit eligibility requirements of this chapter.*" (Emphasis added.) In the event that an employer does not comply with the notification requirement, § 31-306b (c) provides in relevant part that "[e]ach dependent who, in the opinion of the commissioner, demonstrates that he was prejudiced by the failure of an employer or insurer to comply with the notice requirements of subsection (a) of this section *shall be granted an extension of time in which to file a notice of claim for compensation with the deceased employee's employer or insurer pursuant to section 31-294c* . . . ." (Emphasis added.) Senator Edith G. Prague, who offered the language in the Senate, stated on the Senate floor that the purpose of the amendment was that "when an injured employee dies from the injuries

that were incurred when he was working and was receiving workers' [compensation] benefits for, the employer and the insurer, or the insurer, will notify, by registered certified mail, the widow or the surviving dependents *of their ability to reapply for benefits for either the surviving spouse or the dependent children* . . . . This part of the amendment will protect those people who do not realize that they can apply for benefits." (Emphasis added.) 41 S. Proc., Pt. 6, 1998 Sess., p. 1808, remarks of Senator Edith G. Prague. Accordingly, we conclude that the legislature intended for a dependent filing for a death benefit to file a separate notice of claim.

The defendants cite several cases in support of their contention that a separate notice of claim is not required. None applies. Because the plaintiff's claim for death benefits is separate from the decedent's underlying claim; see *Biederzycki* v. *Farrel Foundry & Machine Co.*, supra, 103 Conn. 704–705; it is of no aid to the defendants that a separate notice to contest would not be required if the plaintiff were pursuing on the decedent's behalf a modification of the underlying claim. See *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 115, 411 A.2d 924 (1979). Rather, because this was a new claim, the employer was required to file a separate notice to contest stating the specific grounds on which it challenged liability. See *Menzies* v. *Fisher*, 165 Conn. 338, 347–48, 334 A.2d 452 (1973); see also General Statutes § 31-294c (b); cf. *Adzima* v. *UAC/Norden Division*, supra, 111–16 (distinguishing *Menzies*). It also is not relevant that the plaintiff's claim could have been barred under a voluntary compensation agreement between the decedent and the defendants; see *Duni* v. *United Technologies Corp./Pratt & Whitney Aircraft Division*, 239 Conn. 19, 30, 682 A.2d 99 (1996); because no such agreement was made.

Because we conclude that the plaintiff properly complied with § 31-306b by filing a separate notice of claim and the defendants did not file a notice to contest within twenty-eight days as required by § 31-294c (b), the commissioner properly concluded that the employer was precluded from challenging the plaintiff's liability claim. See General Statutes § 31-294c (b) (2) ("employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death"); *Yuknat* v. *State*, 9 Conn. App. 425, 426, 519 A.2d 622 (1987) ("compensability of the claim was conceded" where employer failed to file timely notice to contest).

## II

The defendants' next two claims are that (1) the plaintiff's notice of claim was not sufficient to allow the employer to make a timely investigation into the employee's death to ascertain whether to file a motion to contest and (2) public policy should prohibit a motion to preclude where the plaintiff's counsel continues to communicate with the employer's insurer representative without revealing that a notice of claim has been filed. Because the plaintiff complied with the statutory filing requirements, we do not find either of the defendants' claims persuasive.

As to the sufficiency of the notice of claim, the defendants note that the death benefit claim listed the place of injury, not the place of death, and argue that one of the two claimants is listed as the decedent rather than as the decedent's estate. They argue that this information "is clearly enough to prevent or hinder a timely investigation of the claim by the [defendants]" to determine whether to file a notice to contest.

As workers' compensation is remedial legislation with a humanitarian purpose, we liberally construe its provisions in favor of the employee. *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 604–605;

*Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 536, 706 A.2d 984 (1998), citing *Bahre* v. *Hogbloom*, 162 Conn. 549, 558, 295 A.2d 547 (1972). As a result, strict compliance with a notice of claim is not required as long as it puts the employer on notice to make a timely investigation. See *Pereira* v. *State*, 228 Conn. 535, 542–43 n.8, 637 A.2d 392 (1994); *Dubois* v. *General Dynamics Corp.*, 222 Conn. 62, 67, 607 A.2d 431 (1992). Although the defendants characterize the notice of claim as containing "substantial errors," they essentially argue that because the form developed by the workers' compensation commission was created with injured employees in mind rather than dependents pursuing death benefits, even strict compliance with § 31-294c (a) would be insufficient. We disagree.

Section 31-294c (a) provides in relevant part that a notice of claim "may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident . . . and the name and address of the employee and of the person in whose interest compensation is claimed. . . ." The plaintiff completed form 30C, which the workers' compensation commission created to comply with § 31-294c. See *Collins* v. *West Haven*, 210 Conn. 423, 431, 555 A.2d 981 (1989). Although the defendants correctly note that form 30C was created for injured employees rather than for dependents pursuing death benefits,[7] a contention accepted by the board, whether the legislature should amend § 31-294c to require different information for one pursuing a death benefit is a decision best left to that branch of government. We previously have concluded that the language contained in the predecessor to § 31-294c (b) is clear and unambiguous and should be given its precise meaning. See *Vachon* v. *General*

---

[7] For example, Michael Tardy's name was listed under the section entitled, "Injured Worker Information."

*Dynamics Corp.*, 29 Conn. App. 654, 658–59, 617 A.2d 476 (1992), cert. denied, 224 Conn. 927, 619 A.2d 852 (1993). Accordingly, the plaintiff's compliance with the statute defeats the defendants' claim.

As to the plaintiff's counsel's ongoing course of contact, the defendants note that the notice of claim was filed on October 13, 1998, one day after Amy Lamson, the insurer representative, wrote to the plaintiff's counsel stating that "[a] review of the medical documentation in this case does not provide significant evidence with regard to the causal relationship of Mr. Tardy's recent heart attack to the incident of 9/17/91. Therefore, we do not expect to argue a Widow's Benefit claim associated with this matter" and asking the plaintiff's counsel to forward any contrary documentation to her. Rather than notify opposing counsel that she had filed a notice of claim, the plaintiff's counsel replied in a letter dated October 16, 1998, that she was waiting for a report from one of the decedent's treating physicians and would forward it to Lamson "upon receipt." Furthermore, the plaintiff's counsel wrote that once she received the medical report, "I will be in a better position to discuss settlement of a widow's claim."

Although sending a copy of the notice of claim to Lamson may have fostered good will, it was not statutorily required. Section 31-294c (a) provides in relevant part that "[n]otice of a claim for compensation may be given to the employer or any commissioner . . . ." The plaintiff complied with that provision. Accordingly, the defendants' claim is without merit.

### III

The defendants' final claim is that the form 36 filed on August 31, 1998, giving notice to discontinue Michael Tardy's benefits was the "legal and practical" equivalent of a notice to contest, at least for purposes of defeating the plaintiff's motion to preclude. Because the letter

stated that the employee's death was caused "by a nonwork-related heart attack," the defendants argue that the plaintiff was put on notice that they would challenge any later claim that she would bring. We disagree.

As we stated briefly in part I, § 31-294c (b) provides in relevant part that "[w]henever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice *in accord* with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested . . . ." (Emphasis added). The defendants argue that because the statute requires only a notice in accord with the one prescribed by the commission and because the board has applied a substantial compliance test that we have used to validate an employee's technically imperfect notice of claim to cure an employer's otherwise deficient notice to contest; see, e.g., *Walter* v. *State of Connecticut/Services for the Blind*, 14 Conn. Workers' Comp. Rev. Op. 107 (1995); the notice to discontinue benefits to Michael Tardy was valid to contest the plaintiff's separate claim. We do not agree.

We need not agree at this time with the plaintiff's argument that under § 31-294c (b), an employer *must* file the form created by the commission to conclude that the notice to discontinue benefits here was insufficient to serve as a notice to contest. We also need not reach the issue of whether a "substantially compliant" notice to contest is valid. We again note, however, that workers' compensation legislation is " 'remedial in nature . . . and that it should be broadly construed to accomplish its humanitarian purpose' "; *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 605; and that it is construed in favor of the *employee. Infante* v. *Mansfield Construction Co.*, supra, 47 Conn. App. 536.

Although the form 36 stated that it was discontinuing Michael Tardy's benefits due to a "nonwork related heart attack," the board stated that "[i]n the workers' compensation arena, it is commonly understood that a form 36 does exactly what it purports to do—discontinue or reduce compensation that is currently being paid on account of an accepted claim." We agree with the board's conclusion that the form 36 was submitted to stop payments to Michael Tardy on account of his death, not to provide notice to the plaintiff that the defendants would contest a claim for death benefits. Accordingly, we disagree with the defendants' claim.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.