ROBIN K. CALLENDER *v.* REFLEXITE
CORPORATION ET AL.
(AC 32832)

DiPentima, C. J., and Sheldon and Flynn, Js.

Argued February 6—officially released August 7, 2012

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*Deborah J. Delbarba*, with whom was *Michael A. Burton*, for the appellees (defendants).

*Opinion*

SHELDON, J. This case involves a dispute between an employer, the defendant[1] Reflexite Corporation, and its employee, the plaintiff, Robin K. Callender, as to whether General Statutes § 31-294c invariably requires an employer, to preserve its right to contest an employee's claim for workers' compensation benefits on the merits, either to file a form 43, notice to contest the claim (notice to contest), or to commence payment on the claim within twenty-eight days of the filing of the notice of claim. Here, the plaintiff claims[2] that the workers' compensation review board (board) erred in upholding the decision of a trial commissioner (commissioner) to deny her motion to preclude the defendant from contesting her claim for benefits dated May

---

[1] Zurich North America, OneBeacon Insurance, and Fireman's Fund Insurance Company are also defendants but are not parties to this appeal. Travelers Property & Casualty, the workers' compensation liability insurer for Reflexite Corporation at the time of the May, 2006 claim, is also a defendant and a party to this appeal. For convenience, we refer to Reflexite Corporation as the defendant.

[2] General Statutes § 31-301b provides that "[a]ny party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the meaning of section 52-263." This court, therefore, has jurisdiction to review this case.

11-12, 2006 (May, 2006 claim) despite the defendant's failure either to file a notice to contest that claim or to commence payment thereon within twenty-eight days of the notice of claim, in alleged violation of § 31-294c. The defendant argues that the board's decision should be upheld because, on the facts of this case, the plaintiff's May, 2006 claim was not a new claim but merely the unnecessary reassertion of an earlier claim for the same injuries as to which it already had filed a timely notice to contest and on which it already had begun to make payments. The parties' dispute arises against the background of the following historical and procedural facts.

The defendant employed the plaintiff for nearly twenty years. During that time, she allegedly sustained a number of work-related injuries, for which she has made multiple claims for workers' compensation benefits, two of which are at issue in the present appeal. On October 12, 2005, the plaintiff filed a notice of claim with respect to injuries she claimed to have suffered due to repetitive workplace trauma between 1987 and 2004. In that notice of claim (October, 2004 claim), she alleged that, as a result of such repetitive workplace trauma, she had developed a painful condition that affected her "neck, [right] shoulder, [right] arm, [right] hand, [left] shoulder, [left] hand [and] lower back." The plaintiff listed the date of her injury as October 18, 2004. The defendant responded to this claim by filing a timely form 43 and by making timely payments on that claim in accordance with § 31-294c.[3]

Thereafter, the plaintiff continued to work for the defendant. On April 29, 2006, complaining of neck pain

[3] By taking both of those steps simultaneously, the defendant indicated its intention to contest only part of the October, 2004 claim. As indicated in its form 43, notice to contest, the defendant accepted liability for the injury to the plaintiff's right arm/elbow and commenced payment thereon.

and back spasms, the plaintiff was treated in the emergency department of New Britain General Hospital. Although the plaintiff returned to work for the defendant on May 11, 2006, her last day of work was the overnight shift, which began on that day.

On May 7, 2007, the plaintiff filed a new notice of claim, in which she alleged that she had sustained repetitive trauma injuries to her "[r]ight and left upper limbs, neck, upper and lower back, both shoulders and both hands and elbows," in the period from 1987 until her last day of work. In addition, in a "Schedule A" attached to her new notice of claim, she alleged that the repetitive trauma of which she complained had caused injury to her brain, which manifested itself in the forms of chronic pain and depression. The defendant never filed a notice to contest liability with respect to the plaintiff's May, 2006 claim, nor did it commence making payments to the plaintiff on that claim. It did, however, continue to make payments to the plaintiff on her October, 2004 claim.

As to its alleged failure to commence payment on the May, 2006 claim, the defendant contends that that claim did not allege a new and separate injury from that alleged in her October, 2004 claim, and thus that its continuation of payments to the plaintiff on her October, 2004 claim was sufficient to respond and to preserve its right to contest on the merits her May, 2006 claim as well. It asserts, moreover, that any additional payment to the plaintiff on her May, 2006 claim would afford the plaintiff a double recovery for the same injury in violation of Connecticut's well settled public policy disfavoring double recovery of workers' compensation benefits.

On June 2, 2009, the plaintiff filed an amended motion to preclude the defendant from contesting either the compensability of the injuries described in her May,

2006 claim or the extent of her disability arising from such injuries.[4] The motion alleged that the defendant had not complied with § 31-294c (b) with respect to her May, 2006 claim because it had failed either to issue a timely notice to contest that claim or, in the alternative, to commence making payments on that claim within twenty-eight days of the filing of the plaintiff's notice of claim.

On June 18, 2009, the parties attended a hearing before the commissioner on the plaintiff's motion to preclude. At the hearing, the defendant filed a joint motion to bifurcate on behalf of all defendants, seeking to have the motion to preclude heard and decided before any compensability issues were addressed. After granting the motion to bifurcate, the commissioner heard argument and dismissed the plaintiff's motion to preclude.

In dismissing the motion to preclude, the commissioner made the following findings of fact. The plaintiff had sustained compensable injuries as a result of repetitive trauma she experienced while working for the defendant and the defendant had paid her benefits for such injuries under her "accepted claims" of October, 2004, and May, 2006. Over time, issues arose with respect to the plaintiff's capacity to return to work, medical treatment and additional injuries, which resulted in litigation and various hearings before the commission. The plaintiff filed her May, 2006 claim based on a new injury that arose out of the same repetitive trauma that had caused the injuries cited in her October, 2004 claim. On that basis, the commissioner dismissed the motion to preclude, stating that "[t]he result the [plaintiff] is seeking is contrary to the letter and spirit of [General Statutes §] 31-294[c], *Menzies* [v. *Fisher*, 165 Conn. 338,

---

[4] The plaintiff also filed a motion to preclude regarding the October, 2004 claim, the dismissal of which the plaintiff is not challenging on appeal.

334 A.2d 452 (1973)],[5] *Harpaz* [v. *Laidlaw Transit, Inc.,* 286 Conn. 102, 942 A.2d 396 (2008)],[6] and *Donahue* [v. *Veridiem, Inc.,* 291 Conn. 537, 970 A.2d 630 (2009)][7] line of cases. Motions to preclude are to be granted whenever a [defendant] is less than vigilant and diligent in responding to a newly filed claim. That did not happen here." The plaintiff later filed a motion to correct some of the commissioner's factual findings, but the motion was denied in its entirety. The plaintiff then filed a motion for articulation, which also was denied. Thereafter, the plaintiff appealed to the board.

The board, in affirming the commissioner's decision, determined that the injuries alleged in the plaintiff's May, 2006 claim were causally related to the injuries alleged in her October, 2004 claim and, thus, that they were "additional injuries arising from an original compensable incident . . . ."[8] It therefore held that, because "a claimant is not required to file a separate

---

[5] In *Menzies,* our Supreme Court concluded that although the employer was obligated to state the specific grounds on which it was contesting liability for the employee's alleged injury, rather than making a general disclaimer of liability, the court's failure to grant the plaintiff's motion to preclude on that ground constituted harmless error because the court sustained the award for the employee. *Menzies* v. *Fisher,* supra, 165 Conn. 347–48.

[6] In *Harpaz,* our Supreme Court, after a thorough review of the legislative history of § 31-294c and its progeny, concluded that, "if an employer neither timely pays nor timely contests liability, the conclusive presumption of compensability attaches and the employer is barred from contesting the employee's right to receive compensation on any ground or the extent of the employee's disability." *Harpaz* v. *Laidlaw Transit, Inc.,* supra, 286 Conn. 130.

[7] In *Donahue,* our Supreme Court concluded that the conclusive presumption under § 31-294c does not operate to bar all inquiry by the commissioner as to the employee's claim but only the employer's ability to so inquire. *Donahue* v. *Veridiem, Inc.,* supra, 291 Conn. 553.

[8] We note that although the commissioner seemed to make a determination that the plaintiff "felt" that the injuries alleged in the May, 2006 claim arose from the injuries alleged in the October, 2004 claim, he stated that that issue would be left open and the "subject of further evidentiary formal hearings" on the merits.

notice of claim for additional injuries arising from an original compensable incident," there was no justification for requiring the defendant to file a formal response to the May, 2006 claim or to commence payment thereon in order to preserve its right to contest the merits of that claim.

On appeal, the plaintiff claims that the board erred in affirming the commissioner's ruling that an employer is not required to comply with the statutory mandates of § 31-294c (b) when its employee files a repetitive trauma claim with a date of injury that is later than that of an earlier repetitive trauma claim.[9] We agree and accordingly reverse the decision of the board.

We first set forth our standard of review applicable to workers' compensation appeals. "It is the power and the duty of the commissioner, as the trier of fact, to determine the facts." *Castro* v. *Viera*, 207 Conn. 420, 435, 541 A.2d 1216 (1988). "[T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . ." *Keenan* v. *Union Camp Corp.*, 49 Conn. App. 280, 286, 714 A.2d 60 (1998). "[W]hen a decision of a commissioner is appealed to the review division, the review division is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts." (Internal quotation marks omitted.) *Ricigliano* v. *J. J. Ryan Corp.*, 53 Conn. App. 158, 160, 728 A.2d 1161 (1999), appeal dismissed, 252 Conn. 404, 746, A.2d 787 (2000). Our scope of review of the actions of the board is

---

[9] The plaintiff also claims that the board abused its discretion in failing to order the commissioner to correct certain factual findings pursuant to the plaintiff's motion to correct and in upholding the commissioner's ruling that the defendant's attendance at hearings regarding the October, 2004 claim and its continuation of payments on the October, 2004 claim satisfied its statutory obligations regarding the May, 2006 claim under § 31-294c (b). Because we conclude that the board erred in affirming the commissioner's dismissal of the plaintiff's motion to preclude, we need not address those claims.

similarly limited. See id., 161. "The decision of the review [board] must be *correct in law*, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Emphasis added.) *DeBarros* v. *Singleton*, 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990).

Our Supreme Court has reviewed § 31-294c and determined that, by its adoption, our legislature intended to: "(1) include repetitive trauma injuries among those injuries compensable under the [workers' compensation] act;[10] (2) require claimants to file notices of claim, written in simple language,[11] in order to maintain proceedings under the act;[12] and (3) allow claimants who have filed such notices of claim to preclude their

[10] Repetitive trauma injuries are among those injuries that are specifically covered by the act. General Statutes § 31-275 (16) (A) provides: " 'Personal injury' or 'injury' includes, in addition to accidental injury that may be definitely located as to the time when and the place where the accident occurred, an injury to an employee that is casually connected with the employee's employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease." Thus, pursuant to § 31-275 (16) (A), there are three types of injuries that fall within the definition of " '[p]ersonal injury' " and that are covered by the act: accidental injuries, repetitive trauma injuries, and occupational diseases.

[11] "[I]f [a] notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file a disclaimer." *Pereira* v. *State*, 228 Conn. 535, 543 n.8, 637 A.2d 392 (1994).

[12] General Statutes § 31-294c (a), which contains the notice requirements of the act, provides in relevant part: "No proceedings for compensation under the provisions of this [act] shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . . Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

employers from contesting liability when their employ-
ers fail to contest liability properly within twenty-eight
days of receiving the notice of claim."[13] *Russell* v. *Mystic
Seaport Museum, Inc.*, 252 Conn. 596, 607, 748 A.2d
278 (2000).

When an employer fails to comply with the statutory
mandate of § 31-294c and a motion to preclude is

[13] Subsection (b) of § 31-294c covers preclusion and provides in relevant
part: "Whenever liability to pay compensation is contested by the employer,
he shall file with the commissioner, on or before the twenty-eighth day after
he has received a written notice of claim, a notice in accord with a form
prescribed by the chairman of the Workers' Compensation Commission
stating that the right to compensation is contested, the name of the claimant,
the name of the employer, the date of the alleged injury or death and the
specific grounds on which the right to compensation is contested. . . . If
the employer or his legal representative fails to file the notice contesting
liability on or before the twenty-eighth day after he has received the written
notice of claim, the employer shall commence payment of compensation
for such injury or death on or before the twenty-eighth day after he has
received the written notice of claim, but the employer may contest the
employee's right to receive compensation on any grounds or the extent of
his disability within one year from the receipt of the written notice of
claim, provided the employer shall not be required to commence payment
of compensation when the written notice of claim has not been properly
served in accordance with section 31-321 or when the written notice of
claim fails to include a warning that (1) the employer, if he has commenced
payment for the alleged injury or death on or before the twenty-eighth day
after receiving a written notice of claim, shall be precluded from contesting
liability unless a notice contesting liability is filed within one year from
the receipt of the written notice of claim, and (2) the employer shall be
conclusively presumed to have accepted the compensability of the alleged
injury or death unless the employer either files a notice contesting liability
on or before the twenty-eighth day after receiving a written notice of claim
or commences payment for the alleged injury or death on or before such
twenty-eighth day. An employer shall be entitled, if he prevails, to reimburse-
ment from the claimant of any compensation paid by the employer on and
after the date the commissioner receives written notice from the employer
or his legal representative, in accordance with the form prescribed by the
chairman of the Workers' Compensation Commission, stating that the right
to compensation is contested. Notwithstanding the provisions of this subsec-
tion, an employer who fails to contest liability for an alleged injury or death
on or before the twenty-eighth day after receiving a written notice of claim
and who fails to commence payment for the alleged injury or death on or
before such twenty-eighth day, shall be conclusively presumed to have
accepted the compensability of the alleged injury or death."

granted, the employer is precluded from contesting either the compensability of its employee's claimed injury or the extent of the employee's resulting disability.[14] See *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 130. Once a motion to preclude is granted, the only further role that an employer can play in the proceeding on the merits before the commissioner is to decide whether or not to stipulate to the compensation claimed. If the employer does not so stipulate, the claimant proceeds with his or her case, subject to examination by the commissioner without participation by the employer. *Donahue* v. *Veridiem, Inc.*, supra, 291 Conn. 546–47. Preclusion, therefore, does not relieve a claimant of the obligation to prove his or her claim by competent evidence. *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 131–32. Instead, "§ 31-294c (b) provides that the employer is conclusively presumed to have accepted the compensability of the injury, not that the injury is conclusively presumed to be compensable." Id., 131.

Notwithstanding this statute's directive, our Supreme Court has declared that its conclusive presumption does not prevent an employer from contesting liability on the ground that the commissioner lacks subject matter jurisdiction over the claim.[15] See *Castro* v. *Viera*, supra,

---

[14] The board has described preclusion as a "harsh remedy"; *West* v. *Heitkamp, Inc.*, No. 4587, CRB-5-02-11 (October 27, 2003); *Verrinder* v. *Matthew's Tru Colors Painting & Restoration*, No. 4936, CRB-4-05-4 (December 6, 2006); having a "drastic effect . . . ." *Aulenti* v. *Darien*, No. 4571, CRB-7-02-9 (September 5, 2003) ("Also, we are conscious of the drastic effect of a [m]otion to [p]reclude, as it divests the employer of the right to contest liability for a claim. We do not believe that this rather harsh remedy should be imposed without ensuring that both parties have been provided with the due process protections inherent in a formal proceeding."). While preclusion has been described as a "harsh remedy," it is no less harsh than the strict statutory time period within which the employee must file his claim and notify his employer of the claim or otherwise relinquish it.

[15] "The manifest purpose of the preclusion statute is to ensure that employers investigate claims promptly and that employees be timely advised of the specific reason for the denial of their claim. . . . Extending the exception beyond that of subject matter jurisdiction would be at variance with

207 Conn. 430 (conclusive presumption of General Statutes [Rev. to 1983] § 31-297 [b], which is similar to that of § 31-294c [b], does not bar employer from contesting liability when "question of the lack of subject matter jurisdiction has been squarely presented to commissioner"). In other words, the employer can always contest the existence of "jurisdictional facts." "A 'jurisdictional fact' is a fact that will permit a court to find jurisdiction." *Del Toro* v. *Stamford*, 270 Conn. 532, 543 n.9, 853 A.2d 95 (2004). Specifically, jurisdictional facts are "[f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court . . . ." (Internal quotation marks omitted.) Id. The existence of an employer-employee relationship; see *Castro* v. *Viera*, supra, 433; and the proper initiation of a claim in the first instance under § 31-294c; see *Estate of Doe* v. *Dept. of Correction*, 268 Conn. 753, 757, 848 A.2d 378 (2004); are jurisdictional facts. The issue of causation, by contrast—that is, whether or not an injury arose out of and in the course of the employee's employment—has been held not to constitute a jurisdictional fact. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 449, 615 A.2d 1066 (1992).

In the present case, the plaintiff timely filed a notice of her May, 2006 claim regarding what she claimed to have been a new injury. Her notice of claim substantially complied with the requirements of § 31-294c, insofar as it sufficiently apprised the defendant of the existence and nature of her claim to allow it to make a timely investigation of that claim. See *Pereira* v. *State*, 228 Conn. 535, 543 n.8, 637 A.2d 392 (1994); *Chase* v. *State*, 45 Conn. App. 499, 503–504, 696 A.2d 1299 (1997). Even so, the defendant failed either to commence payment on the plaintiff's May, 2006 claim or to file a notice to

the legislative intent." (Citation omitted.) *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 448–49, 615 A.2d 1066 (1992).

contest liability on that claim within twenty-eight days of the filing of the plaintiff's new notice of claim, as required to preserve its right to contest that claim on the merits under § 31-294c.

In dismissing the plaintiff's motion to preclude, the commissioner made a determination, which was later affirmed by the board, that the plaintiff's May, 2006 claim was not a "newly filed claim." Despite the commissioner's assertion that the issue of whether the new injuries alleged in the May, 2006 claim actually resulted from the injuries alleged in the October, 2004 claim would remain open and subject to further evidentiary hearings, his determination that the May, 2006 claim was not a "newly filed claim" was equivalent to a finding that the injuries alleged in the May, 2006 claim arose from the same incident as those alleged in the earlier October, 2004 claim and, thus, did not require the filing of a new form 30C.

The board, in extrapolating from the commissioner's finding that the May, 2006 claim did not constitute a newly filed claim, determined that the plaintiff's form 30C regarding her May, 2006 claim failed to establish a new injury but, rather, pleaded an exacerbation of the original injury for which she had already sought benefits under her October, 2004 claim. On that basis, the board concluded that the plaintiff was not required to file a new form 30C.[16] Because the new notice of claim

[16] The plaintiff argues that the May, 2006 claim established a new and separate compensable injury on the basis of a substantial aggravation of the original injuries and the disclosure of a new injury to her brain. The workers' compensation review board in *Kelly* v. *Dunkin Donuts*, 4621 CRB 4-03-2 (April 5, 2004), interpreting this court's decision in *Epps* v. *Beiersdorf, Inc.*, 41 Conn. App. 430, 435, 675 A.2d 1377 (1996), has characterized the word aggravation as a term of art within the workers' compensation lexicon. "Rather than being akin to a recurrence under [General Statutes] § 31-307b . . . an aggravation in legal parlance signifies the intervention of a proximate cause that plays a role in worsening the effects of a prior injury, with benefits payable by the employer for whom the claimant is working at the time of the aggravation." (Internal quotation marks omitted.) *Kelly* v. *Dunkin Donuts*, supra, 4621 CRB 4-03-2.

was assertedly unnecessary, the board determined that

Our appellate courts have grappled with the distinction between an "aggravation" constituting a new and separate claim and a "recurrence" or "exacerbation" that arises out of a preexisting injury. In *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 108, 411 A.2d 924 (1979), the plaintiff's decedent had sustained a workplace injury, thereafter had undergone back surgery to relieve pain, but subsequently had refused another surgery to treat continued pain. The employer accepted liability to pay for the compensable injury and paid all benefits due during this time. Id., 108–109. Shortly after refusing the second surgery, the decedent died; id., 108; and the plaintiff sought indemnity benefits for a 25 percent permanent partial disability to the decedent's back. Id., 109–10. Because the defendant employer had failed to file a timely notice to contest the indemnity claim, the plaintiff contended that the board improperly had concluded that the conclusive presumption under General Statutes (Rev. to 1975) § 31-297 (b) did not bar the defendant employer from contesting whether the decedent had reached maximum medical improvement before his death, the prerequisite for receipt of that benefit. Id., 110–11. In finding no error in the commissioner's denial of the plaintiff's motion to preclude, our Supreme Court determined that the plaintiff's claim was for further disability payments, rather than for a new injury. As such, the court concluded that the proper procedure for seeking further payments was to file a motion to modify the disability benefits under the existing voluntary agreement because it was the extent of disability, not the actual existence of a disabling injury, that was at issue. Id., 115–16. *Adzima* is readily distinguishable from the present case because the plaintiff here does not have a voluntary agreement with the defendant as to all of the cited injuries in either the October, 2004 claim or the May, 2006 claim. In the present case, the issue is whether the defendant is liable to pay for the plaintiff's injuries at all, not merely a dispute over the extent of her disability. Moreover, in *Adzima*, there was no dispute that the claims related to the same body part.

In *Tardy* v. *Abington Constructors, Inc.*, 71 Conn. App. 140, 143, 801 A.2d 804 (2002), the plaintiff's husband suffered a compensable injury in the course of his employment and received temporary total disability benefits until his death from a heart attack. After the husband's death, the defendants filed a form 36 to discontinue his benefit payments, stating that his death was not work related. Id. Shortly thereafter, the defendant insurer received a letter that the plaintiff's counsel filed with the workers' compensation commission stating that she did not dispute that the decedent's disability benefits should be terminated but that it appeared that the work-related injury and its sequelae were substantial factors in causing the heart attack. Id. The plaintiff subsequently filed a form 30, notice of claim, with the defendant employer and the workers' compensation commission, to which the defendant employer failed to file a form 43, notice to contest. Id., 143–44. This court, in affirming the commissioner's determination that the defendant employer was precluded from challenging the plaintiff's claim, did not credit

a notice to contest that claim would likewise be unnecessary.[17] On that basis, the board affirmed the commissioner's decision.

In deciding a motion to preclude, the commissioner must engage a two part inquiry. First, he must determine whether the employee's notice of claim is adequate on its face. See General Statutes § 31-294c (a). Second, he must decide whether the employer failed to comply with § 31-294c either by filing a notice to contest the claim or by commencing payment on that claim within twenty-eight days of the notice of claim. See General Statutes § 31-294c (b). If the notice of claim is adequate but the employer fails to comply with the statute, then the motion to preclude must be granted.

In the present case, the new notice of claim appeared to allege a new and separate injury, with the reported date of injury different from that listed on the earlier notice of claim and the reported injury different from any injury previously claimed. In response to the new notice of claim, the employer failed either to file a new notice to contest the claim or to commence making

the defendants' contention that a separate notice of claim was not required. Id., 148. We concluded that because the plaintiff's claim for death benefits was separate from the decedent's underlying claim, it was of no aid to the defendants that a separate notice to contest would not be required if the plaintiff were pursuing on the decedent's behalf a modification of the underlying claim or if a voluntary compensation agreement existed. Rather, because this was a new claim, the defendant employer was required to file a separate notice to contest, stating the specific grounds on which it challenged its liability. Id.

[17] We note that a Superior Court has dismissed the notion that if the notice of claim was unnecessary, the notice contesting liability was also unnecessary. In construing predecessor statutes to § 31-294c, the Superior Court concluded that "[t]he fact that a written notice of claim was not required to fulfill the requirements of [General Statutes (Rev. to 1972)] § 31-294 [the predecessor to § 31-294c] did not relieve the employer from the burdens imposed by the provisions of [General Statutes (Rev. to 1972)] § 31-297 (b) [the predecessor to § 31-294c (b)]) after a written notice of claim was furnished." *DeLeon* v. *Jacob Bros., Inc.*, 38 Conn. Sup. 331, 337, 446 A.2d 831 (1981).

payments on the new claim within twenty-eight days of the filing of the notice of claim. The commissioner thus had no choice under the statute but to grant the motion to preclude.

In determining that the plaintiff's alleged injury was an exacerbation of her original injury, as described in her earlier notice of claim, rather than a new and separate injury,[18] the board improperly made a finding as to the causation of the alleged injury and, thus, affirmed, on expanded grounds, the commissioner's determination that the May, 2006 claim did not constitute a new claim for purposes of the statute. The board, therefore, improperly affirmed the commissioner's decision on the basis of the merits of the claim.[19] Because the defendant failed to file a form 43 or to commence payment within the time prescribed by law, it thereafter was precluded from contesting the claim except with regard to jurisdictional matters. Because the commissioner's finding was incorrect as a matter of law, the board erred in affirming it.

Lastly, we turn to the defendant's claim that its payment on the May, 2006 claim would constitute a double

---

[18] In reaching this decision, we note that we have not made a determination about the substantive merits of the plaintiff's assertion that the May, 2006 claim constituted a new and separate injury. Rather, we merely conclude that the commissioner erred in considering the merits of the claim in dismissing the plaintiff's timely motion to preclude.

[19] We note that in a subsequent opinion, the board cited its reasoning for affirming the commissioner's decision in the present case as follows: "As preclusion is a 'harsh remedy' . . . this commission is loathe to order it under circumstances where the underlying basis for preclusion appears to be allegations of technical deficiencies and not substantive deficiencies. . . . We followed similar reasoning in *Callender a/k/a Woodbury* v. *Reflexite Corp.*, 5504 CRB 6-09-10 (October 8, 2010), where we refused to penalize a respondent who did not file a new disclaimer responsive to a new [f]orm 30C relating to an injury already under the commission's jurisdiction." (Citations omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 5588 CRB 7-10-09 (August 25, 2011). This quotation demonstrates that the board affirmed the commissioner's dismissal on the basis of a premature determination that the plaintiff's May, 2006 claim arose from the same injuries as those described in her October, 2004 claim.

recovery and, thus, that its payment on the October, 2004 claim is sufficient to serve as payment on the May, 2006 claim. Any allegation of double recovery should have been properly raised in a notice to contest liability. The defendant cannot now rely on an allegation of double recovery as the ground for its failure to timely respond to the plaintiff's notice of claim.

The decision of the board is reversed and the case is remanded to the board with direction to grant the motion to preclude with regard to the May, 2006 claim.

In this opinion the other judges concurred.